MARY M. AIKINS, administratrix, &c., complainant-appellant,

*v.*

T. PERCY BAKER, defendant-respondent.

[Submitted February term, 1926.　Decided May 17th, 1926.]

1. The depositions of the complainant were taken *de bene esse* after the commencement of the action, subsequently he died and his administratrix was substituted as complainant. At the hearing of the case the depositions were offered in evidence and excluded, in so far as they covered transactions with or statements by the defendant. *Held*, not error.

2. The act (*P. L. 1913 p. 105*) is not applicable. "If any other party to such suit, &c., shall thereafter die;" that statute does not designate the complainant as "such other party" who shall "thereafter die." The case of *Beckhaus* v. *Ladner, 48 N. J. Eq. 152; affirmed, 50 Ibid. 487,* is controlling.

On appeal from a decree of the court of chancery.

*Mr. Charles A. Rigg* and *Messrs. Palmer & Powell,* for the appellant.

*Mr. Robert Peacock* and *Mr. Lewis Starr,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

The learned vice-chancellor, who heard this case and advised a decree dismissing the bill of complaint, excluded, when offered in evidence, the depositions of J. Russell Aikins, the deceased complainant, taken *de bene esse* before the trial, in so far as they covered transactions with or statements by the defendant. The complainant, J. Russell Aikins, died between the time of taking the depositions and the hearing

by the vice-chancellor. Mary M. Aikins, administratrix of J. Russell Aikins, was substituted as the party complainant. These depositions were vital to the complainant's cause. The only problem for solution, therefore, in the case, is, was this ruling of the vice-chancellor error? We think it was not and for two reasons—first, because the case as made is not within the scope or terms of the statute. *P. L. 1913 p. 105.* That statute reads as follows:

> 1. "In any civil suit, action or proceeding in any court, any party thereto, at any time after commencement thereof may, at his option, be examined as a witness *de bene esse* on oath or affirmation. *If any other party to such suit,* action or proceeding shall thereafter die, and if such suit, action or proceeding shall be continued after the death of *such other party,* the examination so taken may be read in evidence, notwithstanding it shall relate to transactions with or statements by such decedent."

From a reading of this statute it must be quite clear that it does not apply to the situation here under investigation in this case.

"If any other party to such suit, action, &c., shall thereafter die," does not designate the complainant, who died and whose testimony was taken *de bene esse,* he is not "such other party" called for in the statute, who shall "thereafter die." Hence, we conclude, that this statute is not applicable. The *second* reason for sustaining the ruling of the vice-chancellor is found in the opinion of Vice-Chancellor Pitney in the case of *Beckhaus* v. *Ladner, 48 N. J. Eq. 152,* affirmed by this court, *50 Ibid. 487,* for the reasons given in the court of chancery. That case is directly in point and it is controlling. In that case the complainant was sworn and examined as a witness in his own behalf and then died before the defendant was sworn, but after she had time and opportunity to be sworn. The action was revived by the complainant's executors, and then the defendant was sworn in her own behalf and gave evidence before the master, subject to objection, of transactions with and statements made by the decedent. It was held such evidence was incompetent. As stated, that ruling was affirmed by this court.

The vice-chancellor reviews at some length, with his accustomed thoroughness, the statutes and decisions of our courts on this troublesome question down to the date of that decision in 1891. The act then under investigation and in force was the act of 1859. *Rev. p. 378 § 3,* as modified by the act of 1880. The acts now in force are the *Revision act, P. L. 1900 p. 362; 2 Comp. Stats. of N. J. p. 2218 § 4; P. L. 1913 p. 105,* above cited. There is a long list of cases in our reports, in which questions arising out of the application of these statutes have been discussed and decided. But none of them deal with the precise point involved in this case, except as above stated.

For these reason the decree of the court of chancery, dismissing the bill of complaint, is affirmed.

*For reversal*—None.